# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> UNIVITA HOLDINGS LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 15-11786 (MFW) |
| In re: <br><br> UNIVITA HEALTH HOLDINGS CORP., <br><br> Debtor. | Chapter 7 <br><br> Case No. 15-11787 (MFW) |
| In re: <br><br> UNIVITA HEALTH INC., <br><br> Debtor. | Chapter 7 <br><br> Case No. 15-11788 (MFW) |
| In re: <br><br> UNIVITA HOMECARE HOLDINGS LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 15-11789 (MFW) |
| In re: <br><br> UNIVITA HOMECARE SOLUTIONS LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 15-11790 (MFW) |
| In re: <br><br> UNIVITA OF FLORIDA, INC., <br><br> Debtor. | Chapter 7 <br><br> Case No. 15-11791 (MFW) |

| | |
|---|---|
| In re: <br><br> UNIVITA HEALTH SYSTEMS HOLDINGS, LLC, <br><br>         Debtor. | Chapter 7 <br><br> Case No. 15-11792 (MFW) |
| In re: <br><br> UNIVITA HEALTHCARE SOLUTIONS LLC, <br><br>         Debtor. | Chapter 7 <br><br> Case No. 15-11793 (KJC) |
| In re: <br><br> UNIVITA OF GEORGIA LLC, <br><br>         Debtor. | Chapter 7 <br><br> Case No. 15-11794 (MFW) |
| In re: <br><br> UNIVITA OF TENNESSEE, INC., <br><br>         Debtor. | Chapter 7 <br><br> Case No. 15-11795 (MFW) |
| In re: <br><br> UNIVITA HEALTHCARE SOLUTIONS OF GEORGIA, INC., <br><br>         Debtor. | Chapter 7 <br><br> Case No. 15-11796 (MFW) |
| In re: <br><br> ALL-MED MANAGEMENT SYSTEMS OF NEW YORK INDEPENDENT PRACTICE ASSOCIATION, INCORPORATED, <br><br>         Debtor. | Chapter 7 <br><br> Case No. 15-11797 (MFW) <br><br> *NO HEARING REQUIRED PURSUANT TO Del. Bankr. LR 1015-1* |

# MOTION OF THE CHAPTER 7 TRUSTEE
# FOR ENTRY OF AN ORDER PROVIDING FOR THE
# JOINT ADMINISTRATION OF CHAPTER 7 CASES

David W. Carickhoff, the chapter 7 trustee (the "Chapter 7 Trustee") of the above-captioned Debtors' estates, by and through his undersigned proposed counsel, hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, providing for the joint administration of the above-captioned chapter 7 cases (the "Chapter 7 Cases") for procedural purposes only. In further support of this Motion, the Chapter 7 Trustee relies on his *Affidavit in Support of Motion for Joint Administration of Related Chapter 7 Cases* (the "Carickhoff Affidavit") and respectfully represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory basis for relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3.  On August 28, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

4.  David W. Carickhoff has been appointed as chapter 7 trustee of the Debtors' estates.

5.  The section 341(a) meeting of creditors is scheduled for September 25, 2015.

6. Prior to ceasing operations, the Debtors (a) held third party administrator licenses; (b) provided services to the long term care insurance industry; (c) provided nursing case management services; (d) provided home healthcare management services; (e) provided durable medical equipment services; (f) provided oxygen and respiratory therapy; (g) provided healthcare utilization management services; (h) conducted medical claim adjudications; (i) provided drug and infusion therapy services; (j) provided in-home nursing services; and (k) provided administrative services to health plans in New York.

7. Univita Holdings LLC is a Delaware limited liability company ("Univita Holdings") and is the sole shareholder of Univita Health Holdings Corp. ("Univita Health Holdings"). Univita Health Holdings is a Delaware corporation and is the sole shareholder of Univita Health Inc. ("Univita Health"). Univita Health is a Delaware corporation and is the sole shareholder of each of the following entities: Univita Health Systems Holdings, LLC ("Univita Health Systems"), a Delaware limited liability company; and Univita Homecare Holdings LLC ("Univita Homecare Holdings"), a Delaware limited liability company. Univita Homecare Holdings is the sole shareholder of the following entities: Univita of Tennessee, Inc. ("Univita of TN"), a Tennessee corporation; Univita of Georgia LLC ("Univita of GA"), a Delaware limited liability company; Univita Healthcare Solutions LLC ("Univita Healthcare"), a Delaware limited liability company; Univita Homecare Solutions LLC ("Univtia Homecare"), a Florida limited liability company; Univita Healthcare Solutions of Georgia, Inc. ("Univita Healthcare of GA"), a Florida corporation; and Univita of Florida, Inc. ("Univita of FL"), a Florida corporation. Univita of FL is the sole shareholder of All-Med Management Systems of New York Independent Practice Association Incorporated ("All-Med"), a New York corporation.

**RELIEF REQUESTED**

8.       By this Motion, the Chapter 7 Trustee respectfully requests the entry of an order providing for the joint administration of the Chapter 7 Cases for procedural purposes only. The Chapter 7 Trustee requests that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Univita Holdings LLC and that these Chapter 7 Cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| UNIVITA HOLDINGS LLC, et al.[1], | Case No. 15-11786 (MFW) |
| Debtors. | (Jointly Administered) |

9.       The Chapter 7 Trustee also requests that an entry be made on the docket of each of the Debtors' Chapter 7 Cases, other than Univita Holdings LLC, that is substantially similar to the following:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 7 Cases commenced by Univita Holdings LLC and its affiliates, in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 15-11786 (MFW).

10.      Finally, the Chapter 7 Trustee requests that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

---

[1] The Debtors are the following entities: Univita Holdings LLC (15-11786), Univita Health Holdings Corp. (15-11787), Univita Health Inc. (15-11788), Univita Homecare Holdings LLC (15-11789), Univita Homecare Solutions LLC (15-11790), Univita of Florida, Inc. (15-11791), Univita Health Systems Holdings, LLC (15-11792), Univita Healthcare Solutions LLC (15-11793), Univita of Georgia LLC (15-11794); Univita of Tennessee, Inc. (12-11795); Univita Healthcare Solutions of Georgia, Inc. (15-11796); and All-Med Management Systems of New York Independent Practice Association, Incorporated (15-11797).

5

**BASIS FOR RELIEF REQUESTED**

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f…two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Additionally, Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting joint administration and an affidavit or verification establishing that joint administration is warranted. The Carickhoff Affidavit, filed simultaneously herewith, establishes that joint administration of these Chapter 7 Cases will ease the administrative burden on the Court and the parties.

13. The Chapter 7 Trustee anticipates that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. The failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of paper.

14. Joint administration will permit the clerk to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 7 cases will be apprised of the various matters before the Court in each of the cases.

15. The Trustee requests that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 8 of this Motion.

16. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of the Chapter 7 Cases by the Office of the United States Trustee also will be simplified.

## NOTICE

17. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel if known: (i) The Office of the United States Trustee, (ii) counsel for the Debtors and (iii) upon all parties who have requested notice pursuant to Bankruptcy Rule 2002. The Chapter 7 Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Motion has been made to this Court or any other Court.

WHEREFORE, the Chapter 7 Trustee respectfully requests that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases and (b) granting such other and further relief as is proper.

Dated:  September 15, 2015			By: /s/  Jennifer L. Dering            .
						Jennifer L. Dering (#4918)
						ARCHER & GREINER
						A Professional Corporation
						300 Delaware Avenue, Suite 1370
						Wilmington, DE   19801
						Telephone:  302-777-4350
						Facsimile:  302-777-4352
						Email:  jdering@archerlaw.com
						Proposed Attorneys for Chapter 7 Trustee

112944139v2