**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| UNIVITA HOLDINGS LLC, | Case No. 15-11786 (MFW) |
| Debtor. | |
| In re: | Chapter 7 |
| UNIVITA HEALTH HOLDINGS CORP., | Case No. 15-11787 (MFW) |
| Debtor. | |
| In re: | Chapter 7 |
| UNIVITA HEALTH INC., | Case No. 15-11788 (MFW) |
| Debtor. | |
| In re: | Chapter 7 |
| UNIVITA HOMECARE HOLDINGS LLC, | Case No. 15-11789 (MFW) |
| Debtor. | |
| In re: | Chapter 7 |
| UNIVITA HOMECARE SOLUTIONS LLC, | Case No. 15-11790 (MFW) |
| Debtor. | |
| In re: | Chapter 7 |
| UNIVITA OF FLORIDA, INC., | Case No. 15-11791 (MFW) |
| Debtor. | |

| | |
|---|---|
| In re:<br><br>UNIVITA HEALTH SYSTEMS HOLDINGS, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 15-11792 (MFW) |
| In re:<br><br>UNIVITA HEALTHCARE SOLUTIONS LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 15-11793 (KJC) |
| In re:<br><br>UNIVITA OF GEORGIA LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 15-11794 (MFW) |
| In re:<br><br>UNIVITA OF TENNESSEE, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 15-11795 (MFW) |
| In re:<br><br>UNIVITA HEALTHCARE SOLUTIONS OF GEORGIA, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 15-11796 (MFW) |
| In re:<br><br>ALL-MED MANAGEMENT SYSTEMS OF NEW YORK INDEPENDENT PRACTICE ASSOCIATION, INCORPORATED,<br><br>Debtor. | Chapter 7<br><br>Case No. 15-11797 (MFW) |

**MOTION OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE, FOR AN ORDER
PURSUANT TO 11 U.S.C. §§ 105, 363, AND 721 AUTHORIZING THE CHAPTER 7
TRUSTEE (A) TO OPERATE THE DEBTORS' BUSINESS ON A LIMITED BASIS
EFFECTIVE AS OF THE PETITION DATE FOR THE SOLE PURPOSE OF
EMPLOYING CERTAIN OF THE DEBTORS' FORMER EMPLOYEES AND
CERTAIN NON-PROFESSIONALS AS INDEPENDENT CONTRACTORS AND TO
PAY FOR SERVICES TO ASSIST IN THE LIQUIDATION OF THE DEBTORS'
ASSETS AND ADMINISTRATION OF THESE CHAPTER 7 CASES; AND
(B) FOR RELATED RELIEF**

David W. Carickhoff, the chapter 7 trustee (the "Chapter 7 Trustee") of the estates of

Univita Holdings, LLC and its related debtors (collectively, the "Debtors") by and through his

undersigned proposed counsel, hereby submits this motion (the "Motion") for entry of an order,

substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 363 and 721

of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")

authorizing the Chapter 7 Trustee (i) to operate the Debtors' business on a limited basis effective

as of the Petition Date (as defined below) for the sole purpose of employing certain of the

Debtors' former employees and other non-professionals as independent contractors and to pay

for services of such independent contracts to assist in the liquidation of the Debtors' assets and

administration of these Chapter 7 cases; and (ii) for related relief.  In support of this Motion, the

Chapter 7 Trustee respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this

proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 363 and

721 of the Bankruptcy Code.

## BACKGROUND

3.      On August 28, 2015 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 7 of the Bankruptcy Code.

4.      David W. Carickhoff has been appointed as chapter 7 trustee.

5.      The section 341(a) meeting of creditors is scheduled for September 25, 2015.

6.      Prior to ceasing operations, the Debtors (a) held third party administrator licenses;

(b) provided services to the long term care insurance industry; (c) provided nursing case

management services; (d) provided home healthcare management services; (e) provided durable

medical equipment services; (f) provided oxygen and respiratory therapy; (g) provided

healthcare utilization management services; (h) conducted medical claim adjudications; (i)

provided drug and infusion therapy services; (j) provided in-home nursing services; and (k)

provided administrative services to health plans in New York.

7.      The pre-petition secured lenders, GenStar Capital Partners V, L.P. and CDP

Investissement, Inc. (the "Lenders"), have agreed to allow the Chapter 7 Trustee access to cash

collateral of not less than $200,000 to enable the Chapter 7 Trustee to administer these estates.

The Chapter 7 Trustee and the Lenders are finalizing the documentation regarding the same and

will file an appropriate motion with the Court regarding such agreement and usage.

## RELIEF REQUESTED

8.      The Chapter 7 Trustee anticipates that he will hire former employees of the

Debtors and certain other non-professionals as independent contractors to assist him in

administering these chapter 7 cases, including, among other things: (a) preservation and/or

transition of medical records owned by the Debtors; (b) moving and storage of the Debtors'

business records; (c) moving and storage of Debtors' medical records; (d) W-2 preparation and

delivery; (e) collection of accounts receivable; (f) any site visits to the Debtors' locations requested by potential purchasers to perform due diligence in connection with a potential asset sale; and (g) assisting in liquidating the Debtors' assets.

9.     The Chapter 7 Trustee has filed this Motion seeking authority to operate the Debtors' business on a limited basis and for the sole purpose of hiring former employees and certain other non-professionals as independent contractors to perform the services set forth above.  The scope of this Motion is therefore very limited – the Chapter 7 Trustee has not and does not intend to operate the Debtors' business in any other manner beyond the limited hiring of former employees as independent contractors to perform the limited services set forth herein, which will enable the Chapter 7 Trustee to appropriately discharge his duties.

**A.     The Chapter 7 Trustee Should be Authorized to Operate the Debtors' Business on the Limited Basis Set Forth Herein Under 11 U.S.C. § 721**

10.     The Chapter 7 Trustee, in the exercise of his business judgment, believes the best way to maximize the value of the Debtors' assets is to operate the Debtors' business on the limited basis set forth in this Motion to preserve existing assets and assist in monetizing the Debtors' assets.  Therefore, the Chapter 7 Trustee is requesting authority to act on a limited basis through November 30, 2015, without prejudice to the Chapter 7 Trustee's rights to request additional time to the extent it may become necessary to do so.  The Chapter 7 Trustee respectfully submits that the relief requested is designed to maximize the value of the Debtors' assets and appropriately manage the Debtors' medical records and that it is fair and equitable under the circumstances of these cases.

11.     Section 721 of the Bankruptcy Code provides that the Court "may authorize the trustee to operate the business for a limited period of time."  11 U.S.C. § 721.  The Bankruptcy Code allows bankruptcy courts to authorize a chapter 7 trustee to operate the debtor's business

for a limited period of time, if operation of the business is in the best interest of the estate and consistent with an orderly liquidation.  See In re Kiwi Int'l Airlines, Inc., 344 F.3d 311, 319 n. 6 (3d Cir. 2003).

12.     The Chapter 7 Trustee submits that the operation of the Debtors' business on a limited basis in the sole form of hiring former employees and certain non-professionals as independent contractors to assist in the liquidation of the Debtors' assets and administration of these Chapter 7 Cases, and for a limited period of time, is in the best interest of the Debtors' estates and is consistent with the orderly liquidation of the Debtors' estates.  The Chapter 7 Trustee, in the exercise of his business judgment believes that hiring selected former employees and certain non-professionals as independent contractors will maximize the value of the Debtors' assets for all interested parties.  If the Chapter 7 Trustee is not authorized to hire certain of the Debtors' former employees and certain non-professionals as independent contractors, there would be a loss of significant value to the detriment of the Debtors' estates, since those former employees have valuable knowledge of the Debtors' business, the Debtors' medical records, and the equipment and inventory that needs to be monetized and the other non-professionals have IT expertise and other skills to assist the Chapter 7 Trustee in connection with the preservation and storage of the Debtors' business and medical records.

13.     Moreover, the Chapter 7 Trustee has reached an agreement with the Lenders, who have agreed to allow the Chapter 7 Trustee to have access to not less than $200,000 to administer these chapter 7 cases.  Such administration includes the retention of the Debtors' former employees as set forth in this Motion.

14.     The Chapter 7 Trustee also reserves the right to request additional time to operate pursuant to section 721 should the need arise based upon the circumstances of these cases, as the

Debtors' businesses were complex.  The Chapter 7 Trustee submits that further extension of the authority to operate as set forth herein is permissible under section 721.  See, e.g., Goldberg v. S.E. Partners Corp. (In re Sturman), 222 B.R. 694, 697 N. 4 (Bankr. S.D.N.Y. 1998); Collier on Bankruptcy ¶ 721.02 ("[t]he authority of a trustee to operate the debtor's business can be renewed periodically by the bankruptcy court if the continued operation of the debtor's business by the trustee remains consistent with the requirements of section 721 of the Code.").

**B.      The Chapter 7 Trustee Should be Authorized to Employ Certain Former Employees of the Debtors As Independent Contractors**

15.      The Chapter 7 Trustee has identified approximately 8 former employees of the Debtors (including approximately two former employees from the IT department, three former employees from accounting/finance, and three additional former employees for miscellaneous tasks) and approximately 4 non-professionals (including several IT people that are needed to electronically store and access the Debtors' business and medical records and to collect and preserve medical records), who he would like to retain as independent contracts to assist in the limited operation of the Debtors' businesses.  Although the Chapter 7 Trustee and his proposed professionals (Archer & Greiner, P.C. and Giuliano, Miller & Company, LLC) will be actively engaged in the liquidation and administration of the estates, and the limited operation of the Debtors' business, the former employees identified by the Chapter 7 Trustee are thoroughly knowledgeable about the Debtors' operations and the other non-professionals would be of valuable assistance to the Chapter 7 Trustee throughout this process.

16.      The Chapter 7 Trustee proposes to compensate the Debtors' former employees and the other non-professionals as independent contractors.

17.      Section 105(a) of the Bankruptcy Code provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title…shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules.

11 U.S.C. § 105(a).

18.     Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain."  Official Comm. Of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Although not limitless, this section has also been construed to give bankruptcy courts authority to provide equitable relief appropriate to assure the orderly conduct of bankruptcy proceedings.  See, e.g., In re Combustion Engineering, Inc., 391 F.3d 190, 236 (3d Cir. 2004).

19.     Under section 704(a) of the Bankruptcy Code, among other duties, the Chapter 7 Trustee is required to:

  a. Collect and reduce to money the property of the estate [section 704(a)(1)];

  b. Be accountable for all property received [section 704(a)(2)];

  c. Investigate the financial affairs of the debtor [section 704(a)(3)]; and

  d. Furnish information concerning the estate and the estate's administration requested by the parties in interest [section 704(a)(7)].

Additionally, as the Debtors were health care businesses, the Chapter 7 Trustee has the added burden of responsibly addressing the disposal of patient records under section 351 of the Bankruptcy Code.

20.     To satisfy his statutory duties under sections 704(a) and 351 (while also operating the Debtors' business on a limited basis under section 721 as set forth in this Motion), the

Chapter 7 Trustee believes that section 105(a) provides this Court with the power to authorize him to employ certain of the Debtors' former employees and certain non-professionals as independent contractors, at his discretion, for the necessary services mentioned above to assist the Chapter 7 Trustee in the limited operation of the Debtors' business.

21.      In addition, section 363(c) provides, "[I]f the business of the debtor is authorized to be operated under section 721…of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice of a hearing and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c). The Chapter 7 Trustee submits that retaining and compensating former employees and certain non-professionals as independent contractors would fall within the "ordinary course of business" of the Debtors for purposes of section 363(c) and the Chapter 7 Trustee submits that he may use estate assets or a Lenders' carve-out to fund the limited operations described herein in accordance with section 363(c) of the Bankruptcy Code.

22.      Finally, the Chapter 7 Trustee requests that any payments for post-petition services to such independent contractors retained by the Chapter 7 Trustee should receive administrative expense status pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

23.      Section 503(b)(1)(A) of the Bankruptcy Code defines administrative expenses as including "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A). The principal purpose of section 503(b)(1)(A) is to induce entities to do business with a debtor after it files for bankruptcy by insuring that those entities receive payment for services rendered. In re Valley Media, 279 B.R. 105, 141 (Bankr. D. Del. 2002).

24.     For an expense to qualify as administrative under this standard, it must be (1) an expense (2) that is actual and necessary (3) to preserving the estate. <u>Pennsylvania Dept. of Envtl. Res. V. Tri-State Clinical Labs., Inc.</u>, 178 F.3d 685, 689 (3d Cir. 1999). The cost or expense must arise from a postpetition transaction with a trustee, and the consideration supporting the right to payment must have directly and substantially benefited the estate. <u>Calpine Corp. v. O'Brien Envtl. Energy, Inc.</u>, 181 F.3d 527, 532-33 (3d Cir. 1999). Priority is granted to compensate the providers of necessary goods, services or labor. <u>Valley Media</u>, 279 B.R. at 141.

25.     In particular, wages for post-petition services qualify as administrative claims entitled to priority under section 503(b)(1)(A). <u>See</u> <u>In re Continental Airlines, Inc.</u>, 148 B.R. 207, 212 (D. Del. 1992) (only wages for services rendered post-petition receive priority under section 503(b)(1)(A)); Collier on Bankruptcy ¶ 503.06[7][a] ("Those expense for wages, salaries or commissions incurred postpetition in an effort to preserve the estate or operate the debtor's business qualify as administrative expenses.").

26.     As part of their duties in administrating the estate, chapter 7 trustees often need the services of employees to operate, manage, or assist in winding down the Debtors' businesses. Collier on Bankruptcy ¶ 503.06[7][b] ("[i]f necessary to preserve the estate, the trustee or debtor in possession may hire employees to operate and manage the debtor's business. Employees may include the debtor's former personnel or the individual debtor….In addition, retaining or hiring employees is often necessary in liquidating chapter 11 plans and in certain chapter 7 liquidations."). To induce those former employees and certain non-professionals to serve post-petition as independent contractors and to help operate the Debtors' business on a limited basis, payment for such services should qualify as an administrative expense entitled to priority under section 503(b)(1)(A) of the Bankruptcy Code.

27.     The Chapter 7 Trustee believes that the proposed payments to the independent contractors for the proposed post-petition services should be entitled to an administrative expense priority under section 503(B)(1)(A) because such services are (1) expenses (2) that are actual and necessary (3) to preserving the Debtors' estates.  As mentioned above, the services from the former employees for post-petition work as independent contractors in operating the Debtors' business will reduce the practical burdens of learning the Debtors' businesses by having those most familiar assist the Chapter 7 Trustee with accessing and providing needed information and operating the business on a limited basis.  In turn, this arrangement preserves the Debtors' estates and maximizes value for all creditors by reducing the time and costs associated with hiring outside personnel to perform the same services.

## NOTICE

28.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel if known: (i) The Office of the United States Trustee, (ii) counsel for the Debtors, (iii) counsel to the Lenders, and (iv) upon all parties who have requested notice pursuant to federal Rules of Bankruptcy Procedure Rule 2002.  The Chapter 7 Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this Motion has been made to this Court or any other Court.

WHEREFORE, for the reasons stated herein, the Chapter 7 Trustee respectfully requests that the Court grant the relief requested in the Motion, enter the Proposed Order, and grant such other and further relief as the Court deems just and proper.

Dated:  September 15, 2015                    By: /s/ Jennifer L. Dering            .
                                                   Jennifer L. Dering (#4918)
                                                  ARCHER & GREINER
                                                  A Professional Corporation
                                                  300 Delaware Avenue, Suite 1370
                                                  Wilmington, DE   19801
                                                  Telephone:  302-777-4350
                                                  Facsimile:  302-777-4352
                                                  Email:  jdering@archerlaw.com
                                                  Proposed Attorneys for Chapter 7 Trustee

112963177v2