# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>UNIVITA HOLDINGS, LLC, et al.,[1]<br><br>                    Debtors. | Chapter 7<br><br>Case No. 15-11786 (MFW)<br><br>(Jointly Administered) |
| ANAM F. AZIZ and TATIANA MANOTAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>UNIVITA HEALTH, INC., UNIVITA OF FLORIDA, INC., and UNIVITA HOMECARE SOLUTIONS LLC,<br><br>                    Defendants. | Adversary Proceeding<br>No:_____<br><br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT** |

## COMPLAINT

Plaintiffs Anam F. Aziz and Tatiana Manotas ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, hereby allege the following based upon information and belief, and upon the investigation by their counsel:

## NATURE OF THE CLAIM

1.      This is a class action on behalf of all former employees of Univita Health, Inc. and its subsidiaries and affiliates (collectively, "Univita" or the "Company") who were

---

[1] The Debtors are the following entities: Univita Holdings LLC (15-11786); Univita Health Holdings Corp. (15-11787); Univita Health Inc. (15-11788); Univita Homecare Holdings, LLC (15-11789); Univita Homecare Solutions LLC (15-11790); Univita of Florida, Inc. (15-11791); Univita Health Systems Holdings, LLC (15-11792); Univita Healthcare Solutions LLC (15-11793); Univita of Georgia LLC (15-11794); Univita of Tennessee, Inc. (12-11795); Univita Healthcare Solutions of Georgia, Inc. (15-11796); and All-Med Management Systems of New York Independent Practice Association, Incorporated (15-11797).

terminated without cause on or about July 28, 2015, in violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act").

2. Univita is a Florida-based home healthcare company. On or about July 28, 2015, Univita laid off approximately 1,000 employees. The Company did not provide the required advance notice.

3. The WARN Act provides, in relevant part, that an employer within the scope of the WARN Act "shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order." 29 U.S.C. § 2102(a).

4. Accordingly, Plaintiffs, on behalf of themselves and some 1,000 similarly situated former employees of Univita, seek to recover sixty days' wages and benefits from Univita pursuant to 29 U.S.C. § 2104.

## JURISDICTION AND VENUE

5. The federal law claim asserted herein arises under the WARN Act, codified at 29 U.S.C. § 2101 *et seq*.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1334(b), 1367 and 29 U.S.C. § 2104(a)(5). The above-captioned action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O) which is related to the following cases currently pending before the United States Bankruptcy Court for the District of Delaware: *In re Univita Health Inc.*, 15-11788-MFW (Chapter 7); *In re Univita of Florida, Inc.*, 15-11791-MFW (Chapter 7); and *In re Univita Homecare Solutions LLC*, 15-11790-MFW (Chapter 7).

7. This Court has jurisdiction over each defendant named herein because each defendant has sufficient minimum contacts with this District so as to render the exercise of

jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

## THE PARTIES

8. Plaintiff Anam F. Aziz was employed by Univita until her termination on or around July 28, 2015.

9. Plaintiff Tatiana Manotas was employed by Univita until her termination on or around July 28, 2015.

10. Defendant Univita Health, Inc. is a Florida-based company that provides home healthcare services in South Florida. It is headquartered at 15800 SW 25th Street, Miramar, Florida 33027.

11. Defendant Univita of Florida, Inc. is a Florida corporation and a wholly owned subsidiary of Univita Health, Inc. headquartered at 15800 SW 25th Street, Miramar, Florida 33027.

12. Defendant Univita Homecare Solutions LLC is a Florida corporation and direct subsidiary of Univita Health, Inc. headquartered at 15800 SW 25th Street, Miramar, Florida 33027.

13. Defendants Univita Health, Inc., Univita of Florida, Inc., and Univita Homecare Solutions LLC are under common control and constitute a single employer under the WARN Act.

## SUBSTANTIVE ALLEGATIONS

14. Plaintiffs bring this action individually, and on behalf of all other similarly situated former employees of Univita (hereinafter, "Class Members"), seeking sixty days' wages

and benefits in recompense for their termination, without notice or cause, in violation of the WARN Act.

15. On or about July 27, 2015, Univita management called all employees to a meeting at their Miramar, Florida offices. The employees were told that Univita's chief executive officer and at least one other executive officer were terminated as of the previous Friday, July 24, 2015. In addition, management recommended to the employees that they begin updating their resumes and seeking other employment. Management explained that Univita would be shutting down. In response to a question from an employee regarding the future of Univita, the management representative stated that he "didn't want to say bankruptcy[.]" In further explanation of Univita's circumstances, management explained that Univita was burdened by debt, perhaps as high as $60 million. Despite a sale process that lasted several months, Univita management was unable to find a buyer.

16. On or about July 28, 2015, the Class Members received notification that their employment with the Company had been terminated.

17. On or about July 30, 2015, Univita notified the Florida Department of Economic Opportunity that it expected to terminate the employment of approximately 1,000 of its employees from July 27, 2015 through August 7, 2015.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 2104(a)(5) on behalf of themselves and all other Class Members, each of whom was terminated without cause on or about July 28, 2015 by Univita.

19. The Class Members are so numerous that joinder of all Class Members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

20. The precise number of Class Members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. Plaintiff believes that there are 1,002 members in the proposed class. The identity, recent address, rate of pay, and afforded benefits of all Class Members may be ascertained from records maintained by Univita, and Class Members may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in like class actions.

21. Plaintiffs' claims are typical of the Class Members' because Plaintiffs, like all other Class Members, were the subject of Defendants' wrongful conduct, namely: termination without sixty days' advance notice.

22. Plaintiffs will fairly and adequately protect the interests of all Class Members and have retained counsel experienced in class action litigation. Plaintiffs have no interests which conflict with those of the class identified herein.

23. Questions of law and fact common to all Class Members predominate over any questions solely affecting individual Class Members, and include:

    (a) whether the Class Members were employed by Univita;

    (b) whether Univita terminated the Class Members without cause;

    (c) whether Univita provided written notice at least sixty days prior to the Class Members' termination;

    (d) whether Univita paid sixty days' wages and provided sixty days' benefits to the Class Members in connection with their termination; and

(e)  how to calculate damages pursuant to the WARN Act.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Consideration of this controversy as a class action will eliminate the need for duplicative litigation, as well as the possibility of inconsistent and varying judgments and standards of conduct for Univita. Moreover, class action litigation is particularly appropriate in the WARN Act context as individual Class Members may lack the financial resources necessary to prosecute discrete actions against Univita, a large company with significant resources at its disposal, and individual recoveries may be too small to justify taking on the expenses concomitant with prosecuting individual actions.

## CLAIMS FOR RELIEF

### COUNT ONE
### For Violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq.
### [Against All Defendants]

25. Plaintiffs incorporate by reference each and every preceding paragraph as though fully set forth herein.

26. This Count is asserted by Plaintiffs on behalf of themselves and all Class Members, against Univita, and is based upon the WARN Act, codified at 29 U.S.C. § 2101 *et seq.* and its implementing regulations, codified at 20 C.F.R. § 639 *et seq.*

27. Defendants constitute a business enterprise that is, and at all relevant times has been, an "employer" as that term is defined by the WARN Act and implementing regulations, employing more than 100 employees (exclusive of part-time employees) who, in the aggregate, work at least 4,000 hours per week (exclusive of overtime hours).

28. Plaintiffs and all other Class Members were "affected employees" of Defendants, as that term is defined by the WARN Act and implementing regulations.

29. Plaintiffs and all other Class Members were terminated by Defendants, who ordered a "mass layoff" or "plant closing" as those terms are defined by the WARN Act and implementing regulations, that occurred on or about July 28, 2015.

30. Any mass layoff by Univita affected more than five hundred employees and/or affected more than 50 and more than 33% of any Defendant's employees at each facility within a thirty-day period.

31. Any plant closing effected by Univita affected 50 or more employees excluding any part-time employees within a thirty-day period.

32. Plaintiffs and all other Class Members were terminated without cause.

33. The provisions of the WARN Act required Defendants to give sixty days' advance written notice of termination to Plaintiffs and all other Class Members.

34. Defendants failed to give sixty days' advance written notice of termination to Plaintiffs, all other Class Members, the Florida Department of Economic Opportunity, Reemployment and Emergency Assistance Coordination Team, and the chief elected official of the local government within which the plant closing or mass layoff occurred in violation of the WARN Act.

35. Defendants failed to pay to Plaintiffs and each of the Class Members sixty days' wages, provide Plaintiffs and each of the Class Members with sixty days' benefits, and give Plaintiffs and each of the Class Members all other forms of compensation to which they were entitled, following the plant closing or mass layoff, in violation of the WARN Act.

36. Plaintiffs and all other Class Members are "aggrieved employees," as that term is defined by the WARN Act and its implementing regulations, who did not receive notice either directly or through an appropriate representative.

37. Defendants are subject to a civil penalty of not more than five hundred dollars ($500) for each day of their violation as to a unit of local government.

38. Plaintiffs, on behalf of themselves and all Class Members, will incur attorneys' fees in connection with the prosecution of this action, and are entitled to an award of reasonable attorneys' fees, costs, and disbursements pursuant to the WARN Act.

39. Plaintiffs' claims are entitled to priority pursuant to 11 U.S.C. § 507(a)(4)-(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

(a) Declaring this action to be a proper class action pursuant to Fed. R Civ. R. 23;

(b) Designation of Plaintiffs as Class Representatives;

(c) Designation of Levi & Korsinsky, LLP and Farnan LLP as Class Counsel;

(d) Restitution equal to the lost pay and benefits to which Plaintiffs and all Class Members were entitled under the WARN Act;

(e) An award of reasonable attorneys' fees, costs, and disbursements pursuant to the WARN Act;

(f) Pre- and post-judgment interest; and

(g) Such other and further relief as the Court deems just and proper.

Dated: October 8, 2015         Respectfully submitted,

/s/ Rosemary J. Piergiovanni
Rosemary J. Piergiovanni (Bar No. 3655)
FARNAN LLP
919 N. Market Street, 12th Floor

Wilmington, Delaware 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
rpiergiovanni@farnanlaw.com

*Attorneys for Plaintiffs*

*Of Counsel*

LEVI & KORSINSKY LLP
Eduard Korsinsky
Christopher J. Kupka
Michael B. Ershowsky
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
ek@zlk.com
ckupka@zlk.com
mershowsky@zlk.com